966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lillie S. SYKES, Plaintiff-Appellant,
v.
BOYLE-MIDWAY, INC., Defendant-Appellee.
 No. 91-3389.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In Sykes' appellate brief, she seeks leave to proceed on appeal in forma pauperis, appointment of counsel and transcript.
 
 
 2
 Sykes filed a complaint pursuant to 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. §§ 1981, 1982 and 1985(3) naming her former employer, Boyle-Midway, as the defendant. She alleged that the defendant denied her a promotion because of her race and sex and that it discharged her in retaliation for filing a charge with the Equal Employment Opportunity Commission.
 
 
 3
 The defendant filed a motion for summary judgment which was granted by the district court on March 28, 1991. The court determined that the claims presented were without merit in that the Title VII claims were late and that the relief sought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 was inappropriate. Counsel for plaintiff appealed the decision and subsequently was permitted leave to withdraw as counsel on appeal.
 
 
 4
 On appeal, Sykes argues in her appellate brief that the district court failed to hear the facts of the case and consider the case on the merits. In her reply brief, she argues that her Title VII claims were improperly dismissed because she did not have actual notice of the right to sue letters more than 90 days before the complaint was filed and that she did notify the EEOC of her change of address.
 
 
 5
 The court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991); Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 After careful review of the matter, this court has determined that the grant of summary judgment was proper. Accordingly, we affirm the decision of the district court for reasons stated in the district court's memorandum and order filed March 28, 1991. Rule 9(b)(3), Rules of the Sixth Circuit. The request for pauper status is granted. The requests for the appointment of counsel and transcript are denied.